## M. T. PATRICK v. COMMERCIAL NATIONAL BANK OF FREMONT ET AL.

FILED OCTOBER 20, 1897. No. 7495.

Review: CONFLICTING EVIDENCE. A finding or verdict based on con-
flicting evidence will not be disturbed if supported by sufficient
evidence. (*Lundgren v. Crum*, 47 Neb., 242; *Haubrock v. Loeb*, 46
Neb., 868; *Hooper v. Castetter*, 45 Neb., 67.)

ERROR from the district court of Dodge county. Tried
below before SULLIVAN, J. *Affirmed.*

*John H. Grossman*, for plaintiff in error.

*Loomis & Abbott* and *John H. Grossman*, contra.

HARRISON, J.

It appears from the pleadings and evidence in this case
that in the course of business transactions between the
plaintiff in error, John H. Grossman, and the Commercial
National Bank of Fremont, Nebraska, there was exe-
cuted and delivered to the bank a promissory note of
date June 10, 1887, in the sum of $1,392.13, which was
signed on its face by John H. Grossman and on the back
by the plaintiff in error. Over the latter's signature
there were the following words: "Waiving present-
ment and demand for payment and protest and notice of
non-payment." The note was not paid at maturity, and
this suit was instituted for the bank in the district court
of Douglas county against Grossman and the plaintiff in
error, in which the bank was successful and secured a
judgment. M. T. Patrick brings the case to this court
for a review of the proceedings in the trial court.

In the answer filed for the plaintiff in error were the
following statements:

"4. This defendant admits that he signed his name on
the back of said note, with the indorsement thereon in

the words following: 'Waiving presentment and demand for payment and protest and notice of non-payment.'

"5. This answering defendant alleges the facts to be that when he signed his name upon the back of said note, with the indorsement in writing thereto as above set forth, that it was understood and agreed between plaintiff and this defendant that this defendant's liability thereon was that of a guarantor only, and said note was delivered and accepted by the plaintiff upon such condition and agreement.

"6.  *  *  *  Wherefore this defendant submits that this defendant and his co-defendant, John H. Grossman, are improperly joined as defendants herein, and that several causes of action are improperly joined in this action."

Whatever the liability or presumptions which arose from the appearance of the signature of plaintiff in error on the note in the place where it stood, the course of the litigation in the district court during the trial was shaped on the theory that parol evidence was admissible to prove or disprove the contention of the plaintiff in error that he occupied the position of a guarantor of the payment of the note, and evidence on this point was received on behalf of either of the contending parties.

It is urged for the plaintiff in error, in the brief presented here, that the evidence disclosed that the plaintiff in error signed the note pursuant to an agreement with the bank by which his liability was fixed as that of a guarantor. We have carefully examined the evidence, and, while it is conflicting on the issue now directly in contention, it sufficiently supports the finding and judgment of the trial court, and the judgment must be

AFFIRMED.